IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRED SIZLER ) | CASE NO. |
| c/o Scott D. Perlmuter ) | |
| Novak Pavlik Deliberato ) | JUDGE |
| 1660 W. 2nd Street, Ste. 950 ) | |
| Cleveland, Ohio 44113 ) | |
| ) | |
| On behalf of himself and all others ) | |
| similarly situated, ) | **PLAINTIFF'S CLASS ACTION** |
| ) | **COMPLAINT FOR EQUITABLE** |
| Plaintiff, ) | **RELIEF AND DAMAGES** |
| v. ) | |
| ) | **[with Jury Demand Endorsed Hereon]** |
| STANEK VINYL WINDOWS, CORP. ) | |
| c/o Statutory Agent CSC-Lawyers ) | |
| Incorporating Service ) | |
| 50 W. Broad Street, Suite 1800 ) | |
| Columbus, Ohio 43215 ) | |
| ) | |
| and ) | |
| ) | |
| GREAT DAY IMPROVEMENTS, LLC ) | |
| c/o Statutory Agent CFD Service ) | |
| Company, Inc. ) | |
| Twentieth Floor, 1300 Ninth Street, Attn ) | |
| James S. Aussem ) | |
| Cleveland, Ohio 44114 ) | |
| ) | |
| and ) | |
| ) | |
| RICHARD "RICK" JONES ) | |
| Individually and as former President ) | |
| of Stanek Vinyl Windows, Corp. ) | |
| and currently a representative of ) | |
| Great Day Improvements, LLC ) | |
| 1007 Arrowhead Trail ) | |
| Aurora, Ohio 44202 ) | |
| ) | |
| and ) | |
| ) | |

|  |  |
|---|---|
| JOHN DOE I-X | ) |
| (correct names unknown) | ) |
| c/o Stanek Vinyl Windows, Corp. | ) |
| c/o Statutory Agent CSC-Lawyers | ) |
| Incorporating Service | ) |
| 50 W. Broad Street, Suite 1800 | ) |
| Columbus, Ohio 43215 | ) |
|  | ) |
| Defendants. | ) |

Fred Sizler, by and through counsel, on behalf of himself and others "similarly situated," for his Complaint against Defendants Great Day Improvements, LLC ("Great Day Improvements" or "Great Day"), Stanek Vinyl Windows, Corp. ("Stanek"), Richard "Rick" Jones ("Jones"), and John Doe I-X, states and alleges the following:

## JURISDICTION AND VENUE

1. This is a class action for declaratory and monetary relief for breach of contract, and the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. §§ 1336.01, et seq., and other claims. The Court has original jurisdiction pursuant 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act, in that (a) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (b) this action is a class action in which one or members of a class of Plaintiffs are citizens of a state different from one or more Defendants, (c) no Defendant is a state official, or other governmental entity, and (d) the number of members of the proposed class is greater than 100.

2. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b).  For most or all of the period relevant to this case, Defendant Stanek had its

2

principal place of business at 8000 Broadview Road, Broadview Heights, in Cuyahoga County Ohio, within this district and division. All of the Defendants reside in this district and division, and Defendants Stanek and Great Day conducted business out of which these claims arose within this district and division. A substantial part of the events and omissions giving rise to these claims occurred in this district and division.

## INTRODUCTION

3. Plaintiff brings this case on his own behalf, and on behalf of all persons and/or entities who are (a) original purchasers and owners of Stanek windows covered by Stanek's Lifetime Warranty, or (b) purchasers of properties outfitted with Stanek windows who have complied with the "Warranty Transfer" provisions of the Stanek Lifetime Warranty and are therefore covered by the Lifetime Warranty.

4. This class action asserts claims for declaratory judgment, breach of contract, and relief pursuant to the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. §§ 1336.01, et seq., in connection with windows designed, manufactured, marketed, advertised and sold by Stanek and its successor entity, Great Day Improvements.

## THE PARTIES

5. At all times relevant, Plaintiff was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

6. Defendant Stanek is a Delaware corporation licensed to do business in Ohio. Its principal place of business is located at 8000 Broadview Road, Broadview Heights, Ohio 44147. According to the records filed with the Ohio Secretary of State,

Defendant Stanek's statutory agent for service of process in Ohio is CSC-Lawyers Incorporating Service, 50 W. Broad Street, Suite 1800, Columbus, Ohio 43215.

7. Defendant Great Day Improvements is a Delaware corporation licensed to do business in Ohio. Its principal place of business is located at 700 Highland Road, Macedonia, Ohio 44056. According to the records filed with the Ohio Secretary of State, Defendant Great Day's statutory agent for service of process in Ohio is CFD Service Company, Inc., Twentieth Floor, 1300 Ninth Street, Attn. James S. Aussem, Cleveland, Ohio 44114.

8. Defendant Jones formerly served as president of Defendant Stanek, currently serves as an officer, employee, or other representative of Defendant Great Day, and is believed to have been an owner or shareholder of one or both such companies. Defendant Jones participated in the sale of Stanek's assets to Great Day and, on information and belief, received distributions from Stanek following that sale.

9. Defendants John Doe I through X, whose correct names are currently unknown and could not be discovered prior to the filing of this Complaint, are persons or entities (other than Defendants Great Day, Stanek, and Jones) who were owners or shareholders of Defendant Stanek and received distributions from Stanek following the sale of its assets to Defendant Great Day.

## FACTUAL ALLEGATIONS

### Stanek's Business and Sale to Successor Great Day Improvements

10. From its inception in 1953 through roughly January 17, 2013, Defendant Stanek was a manufacturer, distributor, and retailer of windows.

11. At all times material, Stanek sold its windows ("the Windows" or "Stanek's Windows") with a Limited Lifetime Warranty ("the Warranty" or "Lifetime Warranty").  A copy of the Warranty as issued to the Plaintiff Fred Sizler is attached hereto as Exhibit 1.

12. The Warranty guarantees each purchaser of Stanek's Windows (and under certain terms, each transferee of property outfitted with Stanek's windows) complimentary service and replacement parts for life, covering essentially any defect or problem.

### Great Day Becomes the Successor to Stanek and Stanek's Shareholders Receive Distributions of the Company's Assets

13. On or around January 17, 2013, Stanek completed an asset sale to Defendant Great Day Improvements.

14. Through that sale, Great Day absorbed the business previously conducted by Defendant Stanek of manufacturing, marketing, and selling "Stanek" brand windows to consumers, while the Stanek corporation claims to have had no further business operation as of the sale date.

15. Since January 17, 2013, Great Day Improvements continues to operate Stanek's business; continues to hold out its window manufacturing and sales business to the public as "Stanek Windows"; continues to conduct the Stanek Windows business from Stanek's former headquarters in Broadview Heights, Ohio; continues to manufacture and distribute Stanek's windows—even to the point of continuing to refer to them as "Stanek Windows" (see About Us printout from Great Day Improvement's

5

website, attached hereto as Exhibit 2); continues to service Stanek windows; and continues to operate Stanek's retail stores throughout the country. Defendant Stanek continues to exist as a corporate entity in the State of Ohio's records to this day.

16. The only publically-visible aspect of the Stanek Windows business that Great Day Improvements has discontinued is that of honoring the Stanek Lifetime Warranty. Since the sale, both Stanek and Great Day Improvements have refused to honor customer claims under the Stanek Lifetime Warranty.

17. Defendants' position on the Warranty was, not surprisingly, an unpleasant surprise to Stanek's customers nationwide. Via an online open letter to Stanek's customers on February 14, 2014 – attached as Exhibit 3 - Great Day's Vice President, Bill Goddard, responded to customer concerns as follows:

> To Customers of the Former Stanek Vinyl Windows Corporation:
> At Great Day Improvements, LLC we continue to monitor customer comments regarding the frustration and disappointment with the closure of the Stanek Vinyl Windows Corporation and the loss of warranty benefits for that company's customers. To be clear, Great Day Improvements, LLC did not purchase the Stanek Vinyl Windows Corporation. It merely acquired the operating assets from the former company after they stopped doing business. The operating assets Great Day Improvements acquired included things like manufacturing machinery, materials and the rights to the Stanek brand name.

18. Meanwhile, although the Stanek corporation continued to exist, upon information and belief, the proceeds from the asset sale were not kept by Stanek, but rather were distributed to Stanek's shareholders, including Defendants Jones and John Doe I-X.

19. Defendants planned the asset sale and other transfers with the intent of depriving Plaintiff and other Class Members of rights under the Stanek Lifetime

Warranty and preventing them from obtaining recourse on pending and future Warranty claims.

### Defendants' Refusal to Honor the Stanek Warranty Deprives Customers of an Essential Component of Their Purchase Price

20. Defendants' refusal to honor the Stanek Warranty deprives every purchaser of Stanek Windows of an essential, bargained-for component of their purchase price—the value of the Lifetime Warranty.

21. The value of the Lifetime Warranty to Stanek Windows purchasers is heightened by the fact—acknowledged by Defendants themselves—that Stanek Windows are "prone to failure." In the open letter cited above and attached hereto, Great Day's Vice President acknowledged that "many of the glass options offered by the Stanek Vinyl Windows Corporation were prone to failure as noted in the numerous comments in this blog." Thus, the consideration purchasers received in return for their purchase price was attributable more to the Lifetime Warranty they obtained by selecting Stanek Windows than to the quality of the windows themselves.

### Plaintiff Sizler Learns of Great Day's Policy When One of His Stanek Windows Suffers a Malfunction

22. In February 2007, Plaintiff Fred Sizler purchased eight "Conventional 2 Lite Slider" Stanek windows and one "3 Section Fixed" Stanek window for his home in Seven Hills, Ohio.

23. Sizler's decision to purchase Stanek Windows for his home was greatly influenced by the Stanek name and by Stanek's heavily-marketed Lifetime Warranty.

24. As part of window purchase, Sizler received Stanek's Lifetime Warranty coverage for each of the windows.

25. Sizler was unaware of Stanek's January 2013 asset sale to Great Day Improvements, and was consequently unaware of Stanek's and Great Day's refusal to honor the Stanek Warranty.

26. On July 17, 2014, just over six years after purchasing Stanek Windows covered by the Lifetime Warranty, one of Mr. Sizler's Stanek Windows failed, when the cam lock which holds the window in its track malfunctioned.

27. That failure was a covered loss under the Warranty. Thus, both parts and service for the repair of this failure should have been borne by Defendants.

28. Mr. Sizler called Stanek's customer service line at (216) 341-7700, as indicated in his purchase agreement and on Stanek's website.

29. Stanek's phone number now redirects the customer to Great Day Improvements' call center, where a representative from Great Day Improvements responded to Mr. Sizler's call.

30. In accordance with the above-referenced policy, Sizler was told that his Lifetime Warranty would not be honored by Stanek or Great Day Improvements, and that he would have to pay Great Day Improvements for the needed service and parts on his Stanek Windows.

31. Pursuant to that phone call, on August 4, 2014, Great Day Improvements sent a service employee out to Mr. Sizler's house to perform necessary repairs on the broken window.

32. Sizler was billed for, and paid, the costs of parts and labor associated with the August 4, 2014 service.

## CLASS ALLEGATIONS

33. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and specifically under Rules 23(b)(1), (b)(2), and (b)(3), on behalf of the following class ("the Class"):

> All persons and/or entities in the United States who are (1) original purchasers and owners of Stanek Windows covered by Stanek's Lifetime Warranty, or (2) purchasers of properties already outfitted with Stanek Windows who have complied with the "Warranty Transfer" provisions of the Stanek Lifetime Warranty and are therefore covered by the Lifetime Warranty.

34. The class is so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands, and perhaps tens of thousands, of members in the above-described Class. The exact number and identity of the other Class members is presently unknown to Plaintiff, but are known to the Defendants and can be ascertained through discovery.

35. There are questions of law or fact common to the class. Questions of law and fact are uniform across the Class. The primary question at issue herein will be: Is Great Day Improvements liable to honor the Stanek Lifetime Warranty sold by its predecessor, Stanek?

36. Plaintiff's claims are typical of the Class because he was an original purchaser of Stanek Windows and therefore has a valid Stanek Lifetime Warranty, and he has been injured by Defendants' refusal to honor the Warranty.

37. Plaintiff will fully and adequately protect the interests of the Class. Plaintiff has retained counsel who are experienced in consumer and class-action litigation. Plaintiff will diligently pursue the case on behalf of the Class, and he has no interest which is adverse to, or in conflict with, other Class members.

38. The questions of law and fact common to the Class predominate over any questions which may affect only individual members. The primary question at issue herein will be: Is Great Day Improvements liable to honor the Stanek Lifetime Warranty sold by its predecessor, Stanek?

39. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The Class is readily definable, and prosecution as a class action will eliminate the possibility of duplicative litigation, while also providing recourse for claims that would otherwise be too small to support the expense of individual litigation.

40. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

41. Defendants have failed to act, as described above, on grounds generally applicable to the Class, thereby making declaratory or injunctive relief appropriate with respect to the Class as a whole.

## COUNT ONE
**(Declaratory Judgment)**

42. Plaintiff incorporates the paragraphs above as if fully re-written herein.

43. Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

44. Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, a justiciable controversy exists between Plaintiff and Defendants.

45. A declaratory judgment will aid in the determination of the rights and duties between the parties.

46. Defendant Great Day Improvements is a successor to Stanek because, *inter alia*, (1) Great Day Improvements has continued Stanek's business activity in its entirety and the transaction amounts to a de facto consolidation or merger, (2) Stanek discontinued its operations immediately upon the asset sale to Great Day Improvements, (3) Great Day Improvements assumed Stanek's liabilities and obligations ordinarily necessary to continuing Stanek's business operations, and (4) Defendants structured and entered into the transaction for the purpose of escaping liability to creditors, including Plaintiff and other Class Members.

47. Plaintiff requests a declaration on final hearing that (1) Great Day Improvements is a successor to Stanek, and (2) Great Day Improvements is required to honor Stanek's Lifetime Warranty.

## COUNT TWO
**(Breach of Contract)**

48. Plaintiff incorporates the paragraphs above as if fully re-written herein.

49. The Lifetime Warranty was an essential, material, and bargained-for benefit of Stanek's customers' window purchases.

50. Since January 17, 2013, Defendants have wrongfully, and without justification, failed to fulfill their contractual promises by refusing honor the terms of the Lifetime Warranty.

51. As a direct and proximate result of the Defendants' breach of the contract, Plaintiff, and all members of the Class as a whole, have suffered damages including out-of-pocket expense and loss of the benefit of their bargain.

## COUNT THREE
### (Fraudulent Transfers)

52. Plaintiff incorporates the paragraphs above as if fully re-written herein.

53. Ohio Revised Code § 1336.04 prohibits any transfer of assets made with (a) actual intent to defraud any creditor of the transferor, or (b) where the transferor receives inadequate consideration for the assets in the face of a reasonably foreseeable debt which the transferor will be unable to pay. Ohio Revised Code §§ 1336.04(A)(1) and (A)(2)(b).

54. Ohio Revised Code § 1336.05(A) prohibits a transfer of assets made by a transferor as to any creditor whose claim arose before the transfer if the transferor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the transferor was insolvent at that time became insolvent as a result of the transfer.

55. Upon information and belief, at the time that Great Day Improvements purchased the assets of Stanek, all of the Defendants were well-aware of the impending liability created by Stanek's broad Lifetime Warranty.

56. Plaintiff and other members of the Class are "creditors" within the

meaning of Ohio Revised Code § 1336.01.

57. The asset sale and the distributions from Stanek to its shareholders were "transfers" of "assets" within the meaning of Ohio Revised Code § 1336.01, and Defendants Great Day, Stanek, and Jones were "insiders" within the meaning of that section.

58. The transfer of assets from Defendant Stanek to Defendant Great Day was made with actual intent to hinder, delay, or defraud creditors, including Plaintiff and other members of the Class. The asset sale was effected by these Defendants in such a manner as to hinder and defraud Plaintiff and the other Class members and render Stanek judgment-proof against such claims.

59. Upon information and belief, the transfer from Stanek to Great Day Improvements was made under the following conditions:

(a) The sale included assets and stock being transferred to insiders of Stanek including, by not limited to, Richard Jones and the John Doe Defendants;

(b) The consideration paid by Great Day Improvements to Stanek was insufficient to account for the assets transferred in the sale;

(c) Stanek transferred substantially all of its assets to Great Day Improvements;

(d) Defendants failed to reserve funds to satisfy their obligations to Warranty holders; and/or

(e) Stanek became insolvent at or around the time of the transfer.

60. Upon further information and belief, subsequent to the asset sale, and with knowledge that purchasers of Stanek Windows and other Class Members, including Plaintiff, had rights and potential claims under the Warranty, Stanek distributed proceeds from the asset sale to its shareholders, failing to reserve funds for creditors, and leaving Stanek insolvent.

61. By designing and competing the asset sale and the distribution to Stanek shareholders in the manner set forth above, all of the Defendants violated Ohio Revised Code §§ 1336.04 and/or 1336.05. Both the asset sale and the he distribution to shareholders constituted fraudulent transfers, entitling Plaintiff and other Class Members to relief under Ohio Revised Code § 1336.07 including, but not limited to, setting aside of those transactions to the extent necessary to satisfy Defendants' obligations to Plaintiff and other Class Members, as well as attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Determine that this action may be maintained as a class action pursuant to Ohio Civil Rule 23 with respect to Plaintiff's and the prospective Class' claims for equitable and injunctive relief;

B. Declare that Plaintiff may be representative for the Class, and his counsel may be counsel for the Class;

C. Declare, adjudge, and decree that Defendants' conduct as alleged herein is unlawful, and enjoin any future similar conduct;

D. Award compensatory damages and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

E. Award Plaintiff and the Class their costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

F. Grant Plaintiff and the Class such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Respectfully submitted,

s/ Scott D. Perlmuter
William J. Novak (0014029)
Scott D. Perlmuter (0082856)
**Novak Pavlik Deliberato, LLP**
1660 West 2nd Street, Ste. 950
Cleveland, Ohio 44113
216-781-8700
wnovak@npdcleveland.com
scott@npdcleveland.com

s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
SCOTT D. PERLMUTER (0082856)
One of the attorneys for Plaintiff