IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRED SIZLER, | ) |
| | ) CASE NO. 1:14 CV 1774 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| | ) |
| STANEK VINYL WINDOWS, CORP., | ) |
| et al., | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motion Pursuant to Fed.R.Civ.P. 56(d) to Defer Consideration of, and Allow Discovery Relating to, Great Day Improvements' Motion for Partial Summary Judgment on Count One and Count Two of Plaintiff's Second Amended Complaint. (ECF #62). Defendant, Great Day Improvements ("Great Day") filed an Opposition to the Motion. (ECF #63). For the reasons set forth below, Plaintiff's Motion is DENIED.

Great Day has filed a Motion for Partial Summary Judgment on Counts One and Two of Plaintiff's Second Amendment Complaint, seeking dismissal of Plaintiff's claims for successor

liability, on the grounds that Great Day is, as a matter of law, not a successor to Stanek Vinyl Windows, Corp. ("Stanek"). While discovery was stayed as against the other remaining Defendants in this case pending resolution of their motions to dismiss, the Court did permit discovery between Plaintiff and Great Day on the subject of successor liability. That deadline for completion of that discovery was April 15, 2015. There seems to be no dispute that Great Day responded to Plaintiff's discovery requests and has produced over 2300 pages of documents responsive to those requests. Plaintiff does not argue that Great Day has failed to fully and fairly respond to discovery in this case. Rather, Plaintiff contends that he needs discovery from the other Defendants before he can respond to Great Day's Motion for summary judgment on issue of it's potential liability as an alleged successor to Stanek.

Federal Rule of Civil Procedure 56(d) provides that if a non-movant can show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Plaintiff's counsel has submitted a declaration attesting that he needs additional information in order to respond to the motion for summary judgment including information "likely possessed by either the Private Equity Defendants alone, or Great Day and the Private Equity Defendants together." He lists five categories of information he would like to obtain from either the Private Equity Defendants or Great Day.

Plaintiff had an opportunity to gather all of the relevant information possessed by Great Day within the discovery period. They were not prevented from seeking information relating to Great Day's potential successor status via interrogatories, document requests, or by deposition.

-2-

Further, Plaintiff claims that through the discovery provided by Great Day, he has obtained information that "squarely supports his factual assertions and legal claims." (ECF #62, pg. 3). Neither Plaintiff nor his counsel has identified any specific documents or witnesses they expect to obtain through discovery with other Defendants that would be relevant to the determination of whether Great Day is to be considered a legal successor to Stanek.

Under Ohio common law, successor liability is established only when there is a common identity of stockholders, directors, stock, or other indicia of ownership between the purchased company and the purchaser. *See, e.g., Mickowski v. Visi-Track Worldwide, LLC*, 415 F.3d 501, 509-510 (6th Cir. 2005); *Welco Industries, Inc. v. Applied Companies*, 67 Ohio St.3d 344, 350 (1993); *Aluminum Line Products Co. v. Brad Smith Roofing Co., Inc.*, 109 Ohio App. 3d 246, 265 (Cuyahoga Co. 1996). Great Day claims to have provided all information necessary to evidence its ownership, and the terms of the exchange between itself and Stanek. Plaintiff does not contend that it has insufficient information to determine whether there is any overlap in ownership between Great Day and Stanek, and does not contest that it has been provided with the Collateral Surrender Agreement evidencing the terms of the exchange, including an express disclaimer of any assumption of liabilities by Great Day.

Rather, the arguments set forth by Plaintiff simply restate the allegations in the Second Amended Complaint, and focus on Plaintiff's belief that there was an improper transfer of Stanek's assets in order to allow Stanek and the Private Equity Defendants to avoid their liability for warranty payments to prior customers. The only law referenced is Ohio Revised Code Chapter 1336, which is the definition section for the Ohio Uniform Fraudulent Transfer Act, and the categories of information addressed in Plaintiff's counsel's declaration also appear to be more

relevant to the fraudulent transfer claims than to a determination of successor liability. The Motion for Summary Judgment, however, does not address Plaintiff's claims against Great Day for any alleged fraudulent transfer, or conspiracy to arrange a fraudulent transfer. It focuses only on whether the successor liability claims are valid.

Plaintiff has failed to meet its burden under Fed. R. Civ. P. 56(d) to establish specific reasons why it cannot fairly respond to Defendant Great Day's Motion for partial summary judgment. Plaintiff's Motion to defer consideration of the motion for partial summary judgment, (ECF #62), is, therefore, DENIED. Plaintiff's Response to Defendant Great Day Improvements, LLC's Motion for Partial Summary Judgment on Count One and Count Two of Plaintiff's Second Amended Complaint is due no later than July 8, 2015.   IT IS SO ORDERED

/s/ Donald C. Nugent
Donald C. Nugent
United Stated District Judge

Date: June 9, 2015