IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRED SIZLER, | ) | CASE NO.: 1:14 CV 1774 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| STANEK VINYL WINDOWS | ) | |
| CORP., *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

This matter is before the Court on the Motion to Dismiss Second Amended Complaint of

Defendants First New England Capital, L.P., CMNY Capital II, L.P. and Window Holdings

Corporation, (ECF #41); the Motion to Dismiss Second Amended Complaint of Defendants

LVIR Investor Group, L.P., Jerry Donatelli, Norman Silberdick, and Norman McKibbin, (ECF

#50); and, the Defendant Great Day Improvements, LLC's Motion for Judgment on the

Pleadings As to Counts Three and Four of Plaintiff's Second Amended Complaint, (ECF #48).

Plaintiffs have filed  briefs in opposition addressing each of these motions,  (ECF #51, 56, 61,

68), and Defendants filed Reply and other supplemental briefs in support of their motions.  (ECF

# 53, 59, 60, 66).  After careful consideration of the briefs and a review of all relevant authority,

Defendants' motion to dismiss is DENIED.

## STANDARD OF REVIEW

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).  However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555.  In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232,  236 (1974).

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under 12(b)(6).  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

## **FACTS AND ANALYSIS**[1]

The Second Amended Complaint ("Complaint") alleges that beginning in 1999 and continuing through 2008, the Private Equity Defendants provided capital advances to Stanek Windows.  It further alleges that although these capital infusions were labeled as loans, they were never treated as loans, nor were they intended to be loans as no re-payment was expected.  The Complaint also asserts that the Private Equity Defendants were actively involved in the management, ownership, and business operations of Stanek from 1999 forward, to the extent that they exercised complete control over the daily operation and management of Stanek.

The Complaint goes on to state that the Private Equity Defendants did not want to maintain the "warranty reserve" required to back the lifetime warranties on Stanek windows. Therefore, they planned and conspired among themselves, and with Defendants Window Holdings Corp. and Great Day Improvements to fraudulently transfer Stanek's assets in order to avoid warranty creditors rights and claims.  The Complaint claims that the sale of Stanek's assets to Great Day Improvements was not a joint venture in which the Private Equity Defendants and Great Day Improvements would continue to manufacture and sell Stanek windows, split the proceeds from those future sales, and avoid Stanek's warranty obligations for earlier sales. The Complaint charges that Great Day and the Private Equity Defendants were "insiders" within the meaning of O.R.C. § 1336.01, and that Great Day was not an independent third party.  As such, the transfer of Stanek's assets constituted a fraudulent transfer under Ohio law.

Defendants claim Plaintiffs claims do not satisfy the pleading standards articulated in the

---

[1]

  In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

*Bell Atl' Corp. v. Twombly* case, and that the claims should be dismissed under Fed. R. Civ. P.

12(b)(6) and/or 12(c).  In support of their position, Defendants essentially argue that the facts

alleged in the Complaint are not true, and cannot be proven.  Therefore, they conclude that the

allegations are too speculative to survive under the *Twombly* standard of dismissal.  The motions

to dismiss are replete with unsubstantiated facts that contradict the allegations in the Complaint.

The Complaint goes far beyond the "formulaic recitation of the elements of a cause of action"

that was found insufficient in *Twombly,* and is more that sufficient to inform the Defendants of

the basis of Plaintiff's claims, as evidenced by the clear and specific factual counter-assertions

set forth by the Defendants in their motion to dismiss.

Defendants' arguments read more as an unsubstantiated motion for summary judgment

than as a motion to dismiss.  If through the course of discovery, Plaintiff's allegations are shown

to be incorrect, and  the facts Defendants has advanced in their motion to dismiss are proven true,

a defense motion for summary judgment will merit very serious consideration.  However, at this

stage of the proceedings, Plaintiffs have alleged sufficient facts to withstand a motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Defendants' Motions to Dismiss (ECF #41, 50, 48)

are hereby DENIED.  IT IS SO ORDERED.

  /s/ Donald C. Nugent
Judge Donald C. Nugent
United States District Judge

Date:   September 21, 2015