UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRED SIZLER, | ) |
| | ) CASE NO.    1:14 CV 1774 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| STANEK VINYL WINDOWS | ) MEMORANDUM OPINION |
| CORP., et al., | ) AND ORDER |
| | ) |
| Defendants. | ) |

This matter comes before the Court upon Defendant Great Day Improvements LLC's ("Great Day") Motion for Partial Summary Judgment on Count One and Count Two of Plaintiff's Second Amended Complaint. (ECF # 57).   Plaintiff filed a Memorandum in Opposition to Great Day's motion, and Great Day filed a Reply in support of its position.  (ECF #65, 67).  The Court has thoroughly considered the entire record before it and, applying the appropriate standard of review, finds that Defendant, Great Day's Motion should be GRANTED.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the

need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.  It is with these standards in mind that the instant Motions must be decided.

Count One of the Second Amended Complaint seeks a declaratory judgment labeling Great Day as a successor of Stanek Vinyl Windows Corp. ("Stanek").  Count Two asserts a breach of contract claim against Great Day as a successor to Stanek, based on Stanek's warranty obligations.  The parties agree that the applicable test for successor liability was the one articulated by the Ohio Supreme Court in the case of *Welco Industries, Inc. v. Applied Companies*, 67 Ohio St.3d 344 (1993).  The *Welco* court found that there are only four circumstances under which a corporation that purchases the assets of another corporation may be liable for the contractual liabilities of its predecessor corporation:

> (1) the buyer expressly or impliedly agrees to assume such liability;
> (2) the transaction amounts to a de facto consolidation or merger;
> (3) the buyer corporation is merely a continuation of the seller corporation; or
> (4) the transaction is entered into fraudulently for the purpose of escaping liability.

*Id.* At 349, citing *Flaugher v. Cone Automactic Machine Co.*, 30 Ohio St.3d at 62, 507 N.E.2d at 334.  The parties also agree that the first three circumstances are inapplicable in this case.  (ECF #57, 65 at pg. 3).[1]  Plaintiff, however, argues that Great Day's purchase of Stanek's secured debt

---

[1] It is undisputed that Great Day did not expressly or impliedly agree to assume liability. Further, the evidence show, and Plaintiff does not dispute, that there is no common identity between Stanek and Great Day.  This includes no continuity or common identity of stockholders, directors, ownership, or stock.  Under Ohio law this means there can be no finding of continuity of ownership between Stanek and Great Day, and finding of a de facto consolidation or merger, or continuation of Stanek's business by Great Day.  *See, e.g, Mickowski v. Visi-Track Worldwide, LLC*, 415 F.3d 501, 509-510 (6th Cir. 2005); *Kemper v. Saline Lectronics*, 366 F.Supp.2d 550, 555, 557 (N.D. Ohio W.D. 2005); *Welco Industries, Inc. v. Applied Companies*, 67 Ohio St.3d 344, 350 (1993)

was a transaction entered fraudulently for the purpose of escaping liability.

Great Day, however, does not meet the requirements of the fraudulent transaction exception to the general rule of non-liability of successor corporations.  Even if we assume, as Plaintiff claims,  that the debt purchase transaction was fraudulently entered into so that Stanek and its owners could avoid liability for the lifetime warranties they issued on previously sold Stanek windows, and even if Plaintiff can prove that they conspired with Great Day to set up the transaction in a way that allowed that to happen, there is no evidence to suggest that Great Day had any liability to escape when it entered into the transaction.[2]  This exception was created "to prevent entities from changing their corporate form to escape liability." *Per-Co, Ltd. v. Great Lake Factors*, 509 F.Supp.3d 642 at note 15 (N.D. Ohio 2007).  Therefore, Great Day cannot be liable under the fraudulent transfer exception because Great Day itself did not enter in the transaction, fraudulently or otherwise, to escape its own liability.[3]  "If [the seller] has been drained of assets to avoid liability, [the creditor's] remedy lies against [the seller] or its parent corporation." *Welco* at 349-350.

For these reasons, Defendant Great Day's Motion for Partial Summary Judgment on Count One and Count Two of Plaintiff's Second Amended Complaint is GRANTED.  (ECF #57).  There is no evidence that any of the criteria for imposing successor liability on Great Day

---

[2]Even as a purchaser of Stanek's product line, under the general rules of successor liability, Great Day would have had no liability for the warranties issued on Stanek's prior sales.

[3]Even if Plaintiff could prove that Great Divide conspired to aid Stanek in designing a transfer that allowed Stanek to avoid its liabilities, Great Divide's benefit would have been the ability to purchase the assets at a favorable price, and not an avoidance of liability. While such accusations, if true, may raise other causes of action, such as the fraudulent transfer claims raised in Count Three and Count Four of the Second Amended Complaint, they do not support a cause of action under any of the exceptions to the successor liability rule.

for the contractual obligations owed by Stanek have been met.

    IT IS SO ORDERED.




                                                        /s/ Donald C. Nugent
                                                    DONALD C. NUGENT
                                                    United States District Judge


DATED:   September 21, 2015